## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAYTON NOAL | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | **No.:** 21-23 |
| | : | |
| LEIGHTON SECURITY SERVICES, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

## THE PARTIES' JOINT MOTION FOR APPROVAL OF
## THE SETTLEMENT AGREEMENT

The parties, by and through their attorneys, file the instant Motion seeking approval of the

Settlement Agreement in this matter and rely on the factual and legal analysis set forth below.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
Two Greenwood Square, Ste. 128
Bensalem, PA 19020
Attorney for Plaintiff

Date:  September 14, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLAYTON NOAL | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | **No.:** 21-23 |
| | : | |
| LEIGHTON SECURITY SERVICES, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**THE PARTIES' JOINT MOTION FOR APPROVAL OF**
**THE SETTLEMENT AGREEMENT**

## I. Procedural Background

The above-captioned matter involves claims brought by Plaintiff against Defendant for alleged violations of Fair Labor Standards Act ("FLSA - 29 U.S.C. § 201 *et. seq*.), and applicable state law(s). The parties litigated this matter by exchanging written discovery and participating in a mediation. The parties participated in mediation on August 24, 2021 with Louis Kushner, Esq. (of Rothman Gordon). At the mediation, the parties agreed to a confidential settlement of this matter and have since prepared a proposed confidential settlement agreement memorializing the terms of their agreement. *See* Fully Executed Settlement Agreement attached hereto as "Exhibit A."

## II. Factual Background

Plaintiff performed work for Defendant from 2017 to 2019. During this time period, Defendant considered Plaintiff an independent contractor. Plaintiff maintains that he was an employee of Defendant.

Plaintiff initially filed a lawsuit against Defendant in February 2021. *See* Docket Entry No. 1. Plaintiff alleged that Defendant failed to properly pay him overtime wages. *Id.*

2

As damages, Plaintiff sought unpaid wages, liquidated damages and reasonable attorney's fees and costs.  Specifically, Plaintiff alleges that Defendant failed to pay him approximately $19,600.00 in overtime wages.  Plaintiff also sought liquidated damages for Defendant's allegedly willful conduct.  Defendant disputes that Plaintiff was its employee and also disputes the amount of overtime he alleges he worked.  Thus, the facts surrounding the relationship between the parties, the amount of hours he worked, whether any overtime compensation is owed and his alleged losses are all disputed.

Defendant has and continues to deny all of Plaintiff's allegations and the following non-exhaustive list of factual disputes remain: (1) whether Plaintiff was supervised or managed by Defendant; (2) whether Defendant had authority to control Plaintiff's work hours, schedule or work location; (3) whether Plaintiff had authority to reject assignments or shifts; (4) whether Plaintiff could sub-contract his shifts or hire helpers; (5) the level of skill required to perform the job; (6) how many hours Plaintiff worked each week, and other disputes.

In addition to the alleged losses set forth above, Plaintiff also sought reasonable attorney's fees and costs (which total approximately $14,578.90 (costs = $578.90 and attorney's fees = $350.00 per hour x approximately 40 hours)).  *See* Settlement Statement attached hereto as "Exhibit B."

Per the Plaintiff's representation agreements with his counsel, the settlement payment will be distributed as follows:

- Payment to Karpf, Karpf & Cerutti, P.C.: $7,726.28 (representing 35% of the total settlement amount, including costs)[1]

---

[1] Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages under the FLSA. *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 40599, *28-29 (D.N.J. 2012). To determine the reasonableness of an attorneys' fee award in a FLSA collective action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged

- Payment to Mr. Noal: $13,273.72 (net amount; representing 65% of total settlement)

The parties litigated this matter, including preparing and filing pleadings, preparing and exchanging written discovery requests and responses, participating in a Rule 26(f) telephone conference, preparing and submitting a Joint Case Management Plan, preparing for and participating in a Rule 16 Conference and preparing for and participating in a pre-mediation zoom call as well as a zoom mediation on August 24, 2021.  The parties were able to reach an amicable settlement on August 24, 2021 during a mediation with Louis Kushner, Esq. (Rothman Gordon). As a result, the parties seek Court approval of the proposed settlement agreement because said agreement resolves a bona fide dispute.

III. **Legal Analysis**

Congress enacted the FLSA for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); see also 29 U.S.C. § 202(a).  Congress designed the FLSA to ensure that each employee covered by the Act would receive "[a] fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay." *Id.* at 739 (internal citations and quotations omitted). The FLSA recognizes that "due to the unequal bargaining power as between employer and employee,  certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07, 65 S. Ct. 895, 89 L. Ed. 1296 (1945).  Under § 216(b), an employer who violates § 206 or § 207 is liable to the affected employee or employees for unpaid minimum or overtime compensation, and for an additional equal amount as liquidated damages.

---

employee recovers under a settlement agreement." *Id. citing Silva v. Miller*, 307 Fed. Appx. 349, 2009 U.S. App. LEXIS 561 (11th Cir. Fla. 2009); *see also Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946).

29 U.S.C. § 216(b).  Section 216(b) allows an employee to bring suit against his employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Burke v. Wackenhut Corp*., Civ. A. No. 06-0050, 2007 U.S. Dist. LEXIS 15169 at *4 (M.D. Pa. 2007).

The Supreme Court issued two opinions in the 1940s that defined the scope of private settlement and waiver of claims under § 216(b). In *O'Neil*, the Court refused to recognize employee waivers of their right to liquidated damages. 324 U.S. at 715. The Court reasoned that if it allowed the stipulated waiver of statutory wages, it would emasculate the underlying purpose of the statute. *Id.* at 707. The Court concluded that, for the same reason, employees cannot waive their right to liquidated damages. *Id.* Notably, the *O'Neil* Court expressly declined to decide whether FLSA settlements can be permitted in cases of bona fide disputes between the parties. *Id.* at 714.

The next year, in *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946), the Court held that FLSA barred a private settlement agreement even though there was a bona fide dispute regarding whether certain employees were covered by the Act. The Court reasoned that the purpose behind FLSA "leads to the conclusion that neither wages nor the damages for withholding them are capable of reduction by compromise [o]f controversies over coverage." *Id.* at 116. The Court again made clear that it was not deciding whether to bar private settlements involving bona fide factual disputes, such as disagreements over the number of hours an employee worked or the employee's regular rate of pay. *Id.* at 114-15.

Subsequent amendments to the FLSA, namely, the Portal-to-Portal Act of 1947, 29 U.S.C. § 253, and the Fair Labor Standards Amendments of 1949, 29 U.S.C. § 216(c), opened the door to some waivers of FLSA rights. However, there is a current split of authority regarding whether purely private compromises of bona fide FLSA wage disputes are acceptable.

In *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982), the 11th Circuit refused to enforce a wholly private FLSA settlement regarding a dispute of liability. The Department of Labor found that Lynn's Food Stores ("Lynn's Food") violated the FLSA's minimum wage and overtime provisions. *Id.* at 1352. After failing to negotiate with the Department of Labor, Lynn's Food offered its employees $1,000 collectively in exchange for their release of all FLSA claims for compensation. *Id.* Fourteen employees signed the agreements, and Lynn's Food brought an action  seeking judicial approval of the settlement in district court. *Id.* The district court rejected this settlement and the 11th Circuit affirmed, finding that the agreements did not fall into either recognized category for settlement of FLSA claims. *Id.* at 1353. The court held that FLSA claims for back wages may only be settled or compromised by employees in two ways: (1) by the Secretary of the Department of Labor supervising payments to employees under § 216(c); or (2) by the employee bringing a lawsuit against his employer under § 216(b), presenting to the district court a proposed settlement, and the court entering a stipulated judgment after reviewing the settlement for fairness.  *Id.* at 1353. The court reasoned that judicial approval of lawsuits "provides some assurance of an adversarial context" and that "when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354. *See also Beard v. District of Columbia Hous. Auth.*, 584 F. Supp. 2d 139, 143 (D.D.C. 2008) ("It is a long held view that FLSA rights cannot be abridged or otherwise waived by contract because such private settlements would allow parties to circumvent the purposes of the statute by agreeing on sub-minimum wages."); *Copeland v. ABB, Inc.,* 521 F.3d 1010, 1014 (8th Cir. 2008) (explaining that an employee did not waive her FLSA rights by choosing to take an unpaid excused absence because the only way an employee may waive FLSA rights is by accepting payment of unpaid wages under the supervision of the Secretary of Labor or

by bringing a lawsuit against his employer and requesting the court to enter a stipulated judgment);

*O'Connor v. United States*, 308 F.3d 1233, 1243-44 (Fed. Cir. 2002) (citing Lynn's Food as

governing FLSA settlement agreements under private sector labor law); *Walton v. United*

*Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986) (explaining in dicta that "[c]ourts . . .

have refused to enforce wholly private [FLSA] settlements").

The Third Circuit has not addressed whether FLSA lawsuits claiming unpaid wages may

be settled privately without court approval. Several cases from the District of New Jersey and the

Eastern District of Pennsylvania have cited to *Lynn's Food* and assumed that judicial approval is

necessary. *See Cuttic v. Crozer-Chester Med. Ctr.,* 868 F. Supp. 2d 464 (E.D. Pa. 2012); *Morales*

*v. PepsiCo, Inc.,* Civ. A. No. 11-6275, 2012 U.S. Dist. LEXIS 35284 (D.N.J. 2012); *Brumley v.*

*Camin Cargo Control, Inc*., Civ. A. No. 08-1798, 2012 U.S. Dist. LEXIS 11702 (D.N.J. 2012);

*Bredbenner v. Liberty Travel, Inc.,* Civ. A. No. 09-905, 2011 U.S. Dist. LEXIS 38663 (D.N.J.

2011). The Third Circuit has, in dicta, indicated that bona fide disputes over the facts leading to

liability may be settled without court approval. *See Coventry v. U.S. Steel Corp.*, 856 F.2d 514,

521 n.8 (3d Cir. 1988) (observing that a employee cannot generally waive his rights under FLSA,

but that he may be able to release a factually disputed claim); *Watkins v. Hudson Coal Co*., 151

F.2d 311, 314 (3d Cir. 1945) (noting that a private agreement over the amount of wages owed by

an employer "may, under proper circumstances, be upheld.")); accord *Burke v. Wackenhut Corp*.,

Civ. A. No. 06-0050, 2007 U.S. Dist. LEXIS 15169, at *7-8 (M.D. Pa. 2007).

Courts in this Circuit hold that "bona fide disputes of FLSA claims may only be settled or

compromised through payments made under the supervision of the Secretary of the Department of

Labor or by judicial approval of a proposed settlement in a FLSA lawsuit." *Deitz v. Budget*

*Innovations & Roofing, Inc*.,2012 U.S. Dist. LEXIS 177878 (M.D. Pa. 2012). It is simply

impossible to ensure that an agreement settles a bona fide factual dispute over the number of hours

worked or the regular rate of employment in the absence of judicial review of the proposed settlement agreement. *See Collins v. Sanderson Farms, Inc*., 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008) (defining a bona fide dispute as "some doubt . . . that the plaintiffs would succeed on the merits through litigation of their claims" because "[i]f no question exists that the plaintiffs are entitled under the statute to the compensation they seek . . . then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements.").

When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Brumley v. Camin Cargo Control, Inc.,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (D. N.J. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). District courts in the Third Circuit typically look to the considerations set forth in *Lynn's Food* when deciding whether to approve a FLSA settlement. *Altenbach v. Lube Center, Inc*., 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1 (M.D. Pa. 2013).

When the proposed settlement results from arm's length negotiation between competent counsel, the Court begins with a "strong presumption in favor of finding [the] settlement fair[.]" *Crabtree v. Volkert, Inc.*, No. CIV.A. 11-0529-WS-B, 2013 U.S. Dist. LEXIS 20543, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013); *Kapolka v. Anchor Drilling Fluids USA, LLC*, No. 2:18-cv-01007-NR, 2019 U.S. Dist. LEXIS 182359, at *3 (W.D. Pa. 2019).

### A.  "Bona fide" Dispute

A dispute is "bona fide" when it involves "factual issues" rather than "legal issues such as the statute's coverage and applicability," *Lignore v. Hosp. of Univ. of Pa*., 2007 U.S. Dist. LEXIS 32169, 2007 WL 1300733, at *3 (E.D. Pa. 2007) (quoting *Morris v. Penn Mut. Life Ins. Co.,* 1989

8

U.S. Dist. LEXIS 1690, 1989 WL 14063, at *4 (E.D. Pa. 1989)), and when its settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching," *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *2 (quoting *Lynn's Food*, 679 F.2d at 1354).

In this case, the dispute between the parties is certainly bona fide because it involves abundant factual issues, including: (1) whether Plaintiff was supervised or managed by Defendant; (2) whether Defendant had authority to control Plaintiff's work hours, schedule or work location; (3) whether Plaintiff had authority to reject assignments or shifts; (4) whether Plaintiff could sub-contract his shifts or hire helpers; (5) the level of skill required to perform the job; (6) how many hours Plaintiff worked each week, and other disputes. These factual disputes required the case to be litigated by both parties. The settlement in this case represents a resolution of these factual disputes rather than a mere waiver of Plaintiff's statutory rights.

## B. Fair and Reasonable Resolution

The second factor Courts typically consider is whether the resolution is "fair and reasonable." *Altenbach*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *2; *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975). In this case, the settlement agreement includes valuable consideration by Defendant for Plaintiff's waiver of all claims as well as "bargained for" non-monetary terms. Defendant has agreed to pay Plaintiff for his claim of lost wages, liquidated damages and attorney's fees and costs (as set forth in the agreement), which represent his damages in this case. The amount of the settlement is proportionate to Plaintiff's alleged losses and there is a risk that Plaintiff would not prevail if this matter proceeded to trial, particularly because of the factual disputes and credibility issues that exist in this case. In addition, Defendant denies most of the factual allegations made by the Plaintiff (as set forth at length above) and also denies any violations of the FLSA or state law and does not admit to any liability via this agreement. Instead,

the settlement agreement represents a negotiated resolution of disputed facts. As a result, the resolution is fair and reasonable.

### C. Settlement Does Not "Impermissibly Frustrate" the Implementation of FLSA in the Workplace.

Finally, having decided that the settlement is fair and reasonable, the Court must determine whether the settlement would "impermissibly frustrate[] the implementation of FLSA in the workplace." *Altenbach*, 2013 U.S. Dist. LEXIS 1252, 2013 WL 74251, at *1

The resolution in this case is consistent with the purpose of the FLSA, which is meant to protect workers from employment agreements that may not work out in their best interests but that, because of lack of bargaining power, they have no choice but to accept. See 29 U.S.C. § 202 (congressional finding and declaration of policy); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945) ("The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency . . . ."). In this case, Plaintiff's agreement to resolve this case effectuates the FLSA's purpose of empowering employees to seek a remedy for alleged violations of the law, and Plaintiff has done so. Because the parties recognize the abundant factual disputes that exist in this case, they are mindful that continued litigation brings with it uncertainty of outcome. In an effort to resolve these factual disputes and the uncertainty and cost of continued litigation, the parties have agreed upon settlement language that does not impermissibly frustrate the implementation of the FLSA. *See* Exhibit A. The provisions of the settlement agreement are not unduly restrictive and do not frustrate the purposes of the FLSA because (1) the proposed agreement, if approved, will be a matter of public record and available for the public to view; (2) the proposed agreement does not seek to seal the record or limit Plaintiff from all communications

regarding the matter; (3) the proposed agreement does not restrict the Plaintiffs' ability to participate in and/or provide information to the DOL or any other agency regarding FLSA allegations made by any former or current employees of Defendants. *See In re Chickie's & Pete's Wage & Hour Litig.*, 2014 U.S. Dist. LEXIS 30366, *9-11 (E.D. Pa. 2014)(approving FLSA settlement agreement which contained a confidentiality provision after finding that "[t]he Proposed Agreement will be publicly available, and the limited confidentiality provision is not unduly restrictive so as to frustrate the purpose of FLSA where it does not seek to seal the record or prohibit Plaintiffs from discussing this matter with anyone, but only prohibits Plaintiffs from disparaging Defendants or discussing the substance and negotiations of this matter with the press and media).  The limited, confidentiality provision at issue in this proposed Settlement Agreement does not "thwart the informational objective of the [FLSA's] notice requirement by silencing the employee who has vindicated a disputed FLSA right." *Brumley v. Camin Cargo Control, Inc.,* No. 08-1798, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *4 (D.N.J. 2013).

### D. Attorney's Fees

Under § 216(b) of the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  In FLSA cases, judicial approval of attorneys' fees is necessary "'to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *In re Chickie's & Pete's Wage & Hour Litig.,* 2014 U.S. Dist. LEXIS 30366, *11-13 (E.D. Pa. 2014); *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (*quoting Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009)). The court "must articulate the basis for a fee award." *Loughner v. Univ. of Pittsburg*h, 260 F.3d 173, 178 (3d Cir. 2001).

In FLSA cases, both the "lodestar" formula and the percentage-of-recovery method have been used in evaluating the reasonableness of attorneys' fees. *See Loughner*, 260 F.3d at 177 (using "lodestar" formula); *Brumley*, 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *9 (using percentage-of-recovery method). To determine what is reasonable under the lodestar formula "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Loughner*, 260 F.3d at 177. The percentage-of-recovery method, on the other hand, allows a district judge to award attorneys' fees as a percentage of the total fund recovered. *In re Gen. Motors Corp. Pick-Up Fuel Tank Products Liab. Litig*., 55 F.3d 768, 822 (3d Cir. 1995). Fee awards have ranged from 19 percent to 45 percent of the settlement fund. *Id.; see also Brumley,* 2012 U.S. Dist. LEXIS 40599, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable).

In this case, there is no dispute that Plaintiff's counsel expended approximately 40 hours litigating this case and that the total costs in this case equals $578.90.[2]  Exhibit B. As a result, attorneys' fees and costs to date total approximately $14,578.90.  The parties submit that the portion of the total settlement paid to Plaintiff's attorneys for fees and costs is reasonable under the *Loughner* and *Brumley* analyses.

---

[2] If this Honorable Court is inclined to apply the lodestar method of calculation, then Jeremy M. Cerutti, lead counsel in this matter, is seeking a billing rate of $350.00 per hour. Mr. Cerutti is approaching his 16th year as an attorney who now practices almost exclusively in the area of employment law. *See* Certification of Jeremy M. Cerutti, attached hereto as "Exhibit C" (Mr. Cerutti's affidavit outlines his experience as summarized generally below).  After graduating from Rutgers Law School in 2005, Mr. Cerutti served as a judicial law clerk to the Honorable James J. Morley (New Jersey Superior Court- Burlington County) from 2005 to 2006.  Thereafter, Mr. Cerutti obtained an associate attorney position with Karpf, Karpf & Virant, P.C. in October of 2006 (now Karpf, Karpf & Cerutti, P.C.). Since 2006, Mr. Cerutti has handed almost exclusively employment and civil rights matters, including litigating more than 225 federal employment and/or civil rights matters in the Eastern District of Pennsylvania alone.  Mr. Cerutti has been lead counsel in many state and federal trials involving employment claims throughout New Jersey and Pennsylvania (in state and federal courts).  In late 2011, Mr. Cerutti was elevated to the position of partner within the law firm and has been managing and mentoring associate attorneys as well as litigating a case load of approximately 40 employment/civil rights cases at any given time.  This requested billing rate was approved in March 2018 by the Honorable Kim R. Gibson in the matter of *Evans v Cernics, Inc., et. al.* (Case No.: 14-12). *See* March 5, 2018 Court Order attached hereto as "Exhibit D."

## IV. <u>Conclusion</u>

Based on the foregoing, the parties respectfully requests that this Honorable Court grant their Joint Motion for Approval of the Confidential Settlement Agreement.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

/s/ Jeremy M. Cerutti
Jeremy M. Cerutti, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Attorneys for Plaintiff

Date: September 14, 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLAYTON NOAL : | **CIVIL ACTION** |
| : | |
| Plaintiff, : | |
| v. : | **No.:** 21-23 |
| : | |
| LEIGHTON SECURITY SERVICES, INC. : | |
| : | |
| Defendant. : | |
| : | |

**CERTIFICATE OF SERVICE**

I certify on the date set forth below that I sent this Joint Motion for Approval of the

Settlement Agreement to Defendant at the following address via Email and ECF:

Brittany M. Bloam, Esq.
Meyer, Unkovic & Scott LLP
535 Smithfield St, Suite 1300
Pittsburgh, PA 15222
412-456-2873
bmb@muslaw.com

R. Scott Anderson, Esq.
Anderson Grossman, PLLC
13355 Noel Road, Suite 1425
Dallas, TX 75240
972-789-1160
scotta@andersongrossman.com

*/s/ Jeremy M. Cerutti*

Jeremy M. Cerutti

Dated: September 14, 2021

14